1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  JOHN EDWARD VELARDE,            No. 2:22-cv-01823 DB P
12            Plaintiff,
13       v.                          ORDER
14  CHICO POLICE DEPARTMENT, et al.,
15            Defendants.
16
17       Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff
18  claims that defendants violated his rights by using excessive force in violation of plaintiff's
19  Eighth Amendment rights.  Presently before the court is plaintiff's complaint for screening (ECF
20  No. 1) and plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2).
21       For the reasons set forth below, the complaint will be dismissed with the opportunity to
22  file an amended complaint.  Plaintiff will be directed to file a new motion to proceed in forma
23  pauperis with the certificate portion completed.
24                          **IN FORMA PAUPERIS**
25       Plaintiff has submitted a motion to proceed in forma pauperis.  (ECF No. 2.)  However, the
26  certificate portion of the request which must be completed by plaintiff's institution of
27  incarceration has not been filled out.  Also, plaintiff has not filed a certified copy of the inmate
28  trust account statement for the six-month period immediately preceding the filing of the

complaint. See 28 U.S.C. § 1915(a)(2). Plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of the application.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states that the alleged violation occurred in Butte County without additional specifics as to the location or institution. (ECF No. 1 at 1.) Plaintiff names as defendants the Butte County Police Department and Officer Mota. (Id. at 1.)

The complaint only contains a few brief sentences of factual allegations. Plaintiff claims that his rights were violated by excessive force by an officer. (Id. at 3.) Plaintiff was asleep when an officer arrived and "rudely interrupt[ed] and arrested [plaintiff] with excessive force." (Id.) Plaintiff says that the officer "disrespected all the ladys [sic] down there." (Id.)

Plaintiff states that he does not seek any particular relief though he also mentions that his back hurts. (Id. at 4.)

**IV.     Does Plaintiff State a Claim under § 1983?**

Plaintiff fails to state any cognizable claims for relief.  The factual allegations section of plaintiff's complaint contains exceedingly few factual allegations and only a conclusory allegation of excessive force.  Plaintiff must allege sufficient facts to support the claim he is alleging.

Plaintiff will be given an opportunity to amend his complaint.  Plaintiff is advised that he must adhere to the following legal standards for stating claims for relief under § 1983.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
- The following people are typically not appropriate defendants in a § 1983 action: (1) supervisory personnel, see Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (supervisors not liable for the actions of their employees under § 1983; respondeat superior is not a basis for liability); and (2) persons whose only role was reviewing plaintiff's administrative appeals, see George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.).
- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).
- Plaintiff may allege multiple claims against a single defendant.  Fed. R. Civ. P. 18(a).  However, he may not bring a claim against one defendant in the same case

4

segment omitted

1  as an unrelated claim against another defendant. Unrelated claims against
2  different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607
3  (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does
4  not transform unrelated claims into related claims.

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.

- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.

- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

It also appears that plaintiff wishes to bring an Eighth Amendment excessive force claim. If plaintiff is attempting to allege a claim for excessive force, he must allege facts showing that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam).

Finally, plaintiff is advised that by signing an amended complaint, he certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////
////
////
////
////
////
////
////

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed;

3. Plaintiff's motion to proceed in forma pauperis is denied without prejudice;

4. Plaintiff shall also submit, within thirty days from the date of this order, a completed affidavit in support of the request to proceed in forma pauperis on the form provided by the Clerk of Court;

5. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of the inmate trust account statement for the six month period immediately preceding the filing of the complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

6. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner and a copy of the prisoner complaint form used in this district.

Dated: April 3, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/vlea1823.scrn_lta